**OIL CITY REFINERS INC., Plaintiff-Appellee, v. DLUZYNSKI, Jr. et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22614. Decided March 23, 1953.

Krewson & Williams, Cleveland, for plaintiff-appellee.
Woodle & Wachtel, Cleveland, for defendants-appellants.

## OPINION

Per CURIAM:

This is an appeal on questions of law and fact from the Court of Common Pleas of this County, wherein judgment was rendered in favor of the plaintiff against the defendants, John Roski and Theodore and Alphonse Dluzynski. The case is submitted to this Court by a stipulation of counsel for the parties, upon a transcript of the proceedings had and evidence offered and received in the trial court, together with certain additional evidence which by stipulation has been offered and received herein.

Judgment was rendered by the trial court against defendants in the

total sum of $4944.29 in an entry which directed the County Clerk and Sheriff to pay that amount to plaintiff out of certain funds in the hands of the Sheriff as proceeds of the sale of certain property growing out of a partition suit. In the petition the plaintiff asserted the existence of a special right to a claim by way of subrogation against the funds in the hands of the sheriff because the plaintiff had paid and discharged a certain note secured by a mortgage covering premises on Miles Avenue at East 140th Street, title to which was in the name of Pauline Roski, wife of defendant John Roski, and Walentina Dluzynski, widow of Theodore Dluzynski Sr. Theodore Dluzynski Sr., and John Roski appeared as makers together with their wives on the said note, and also joined in the mortgage. Theodore Dluzynski died shortly after the execution of the note and mortgage. Title to this property was transferred to the defendants herein some years after the note and mortgage was paid off by plaintiff. The petition filed did not pray for a personal judgment against any of the defendants.

The record discloses that plaintiff made the payments on the note and mortgage on behalf of John Roski and Theodore Dluzynski Sr., and charged them for the same on its books. There is no evidence whatever to show that the title holders to this property, Pauline Roski and Walentina Dluzynski, had any knowledge of such payments or authorized John Roski and Theodore Dluzynski Sr., to arrange for the same. Moreover, no assignment of the note and mortgage was made to the plaintiff, or any other lien acquired or taken as evidence of the transaction by it.

From the entire record, we have reached the conclusion that there is no right of action in the plaintiff against these defendants and that consequently no right of subrogation flows from the payment of the obligation in question.

See 38 O. Jur., Subrogation, Sec. 31, page 282, which in part reads as follows:

"* * * where a party furnishes the money to pay off the lien and the transaction shows that there was no intention to take any other lien in its place, the doctrine of subrogation does not apply."

This case being before us for trial de novo, it is our view that the decree should be for the defendants appellants. Exceptions allowed. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.